[1] Reported in 28 N.W.2d 155.
This case comes here on appeal by F.C. Harris, as representative of the estate of Claus Holtorf, deceased, from an order denying his motion "for an order vacating the decision of the trial court in said action and granting a new trial" therein.
Ella Stucky, claimant, is a daughter of decedent. On April 12, 1938, her father executed two papers, which were attached together when signed by decedent. These are referred to in the record as exhibits 1 and 1-A. Exhibit 1 reads:
"No. __________ $3,000.00 Due __________
"Dated at Rochester, Minnesota April 12th 1938
"__________ after date, for value received, I promise to pay to the order of Ella Stucky Three Thousand Dollars with interest at the rate of 6 per cent per annum, payable _____ annually. Payable at residence of Ella Stucky [Note: The instrument is drawn on a printed form and contains the usual provisions for payment of attorney's fees if the note is not paid at maturity, also a waiver of demand, protest, notice of protest, etc.].
"[Signed] Claus Holtorf."
Exhibit 1-A reads:
"I have today executed a promissory note in the sum of $3,000, payable to the order of my daughter, Ella Stucky. Ella has agreed that she will not attempt to collect such note until my death.
"Ella worked for me for some years in helping me accumulate the property which I now have and I feel that I am indebted to her and that is the reason that I have today given this note.
"Given under my hand and seal this 12th day of April, 1938.
"In the presence of: [Signed] Claus Holtorf
 F.J. O'Brien John C. Lobb"
The trial court's findings, duly paragraphed and numbered and containing all essential facts upon which Ella's claim is founded, are summarized as follows:
(1) Decedent signed exhibits 1 and 1-A on the day of their date. *Page 222 
(2) Immediately after such execution, both of these instruments were delivered to Ella, and at the time of such delivery they were attached together.
(3) Ella held these instruments until the death of her father, which occurred May 23, 1945, at which time he was 86 years of age. From the time of such delivery and until the date of her father's death, she had made no demand for payment nor commenced any action to enforce her claim.
(4) Within the time provided by law for the filing of claims against her father's estate, she did so. The administrator filed objections, which the probate court sustained, and disallowed her claim.
(5) In due time, Ella appealed from that order to the district court.
(6) When these instruments were executed, decedent was of sound mind and free from any undue influence.
(7) Said instruments were made and delivered by decedent to his daughter for a valuable consideration, and said consideration did not fail.
(8) The instruments relate to the same transaction, each being a part of the same.
(9) "That said note, Exhibit 1, did not become due and payable until the 23rd day of May, 1945, that being the date of the death of decedent, and that it became due on said day."
(10) The note is wholly unpaid.
As conclusions of law, the district court reversed the probate court's order and directed "that said claim should be allowed."
All of these findings stand unchallenged except No. 9, which we have quoted. Only two errors are assigned requiring our attention, namely, (1) the correctness of the court's ruling in permitting exhibits 1 and 1-A to be admitted in evidence over appellant's objection, and (2) the sufficiency of the evidence to sustain the ninth finding.
1. Referring to these in the order mentioned, we conclude that the first assignment is without merit. The record clearly shows that *Page 223 
Ella, her husband, and her father called at the law office of F.J. O'Brien at Rochester on the day these instruments were prepared. He testified fully as to what took place; that pursuant to decedent's instructions he prepared each instrument and before signing same they were attached together; that "he [decedent] told me at the time that he didn't want this note to be paid until after he died; and that after he gave me this statement and told me how that he was paying Ella, I dictated the note and this Appellant's No. 1-A." Mr. O'Brien informed both Ella and her father that the promise to pay was unenforceable until the promisor's death. The trial court so found. Without doubt, that finding is well sustained by the evidence. We find no error in admitting the instruments in evidence. Both papers were signed by decedent in his own handwriting after he had read them. Both have been in Ella's possession ever since and until filed as a part of her proof of claim in the probate court.
2. The decisive question here is whether the court was right in construing both instruments so as to constitute one transaction. Ever since Brackett v. Edgerton, 14 Minn. 134
(174), 100 Am. D. 211, we have without deviation adhered to the rule now found in 2 Dunnell, Dig. § 1831:
"Instruments executed at the same time, for the same purpose, and in the course of the same transaction, are, in the eye of the law, one instrument, and will be read and construed together, unless the parties stipulate otherwise. Where one instrument refers to another for any purpose, the latter, for the purpose and to the extent of the reference, will be deemed a part of the former."
In one of our later cases, Wm. Lindeke Land Co. v. Kalman,190 Minn. 601, 607, 252 N.W. 650, 653, 93 A.L.R. 1393, we reiterated the rule by quoting from 13 C. J., Contracts, § 487,[2]
as follows:
"Where several instruments are made as part of one transaction, they will be read together, and each will be construed with reference to the other. This is true, although the instruments do not in terms *Page 224 
refer to each other. So if two or more agreements are executed at different times as parts of the same transaction they will be taken and construed together."
3. Applying this rule to the facts here established, no one can be left in doubt that the trial court was right, and its order is affirmed.
Affirmed.
MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.
[2] See, 17 C.J.S., Contracts, § 298.