# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60010
Summary Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
April 11, 2014

Lyle W. Cayce
Clerk

RW DEVELOPMENT, L.L.C.,

Plaintiff - Appellant

v.

CUNNINGHAM GROUP ARCHITECTURE, P.A.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern  District of Mississippi
USDC No. 1:12-CV-224

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 2008, the Plaintiff-Appellant, RW Development ("RW Devco"), entered into a written Letter Agreement with the Appellee, Cuningham Group Architecture ("CGA").  CGA was to provide architectural services for the design of a casino resort in exchange for compensation from RW Devco.

In 2010, CGA initiated an arbitration hearing against RW Devco for its failure to pay CGA as conditioned in the Letter Agreement.   CGA argues that the Letter Agreement established that the parties would arbitrate all disputes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arising from the agreement. To support its claim, CGA relies on the following provision from the Letter Agreement:

> OTHER TERMS AND CONDITIONS
> Except as otherwise modified or limited herein, the terms and conditions of AIA Document B151, Abbreviated Standard Form of Agreement Between Owner and Architect [], where [RW Devco] acts as Owner and CGA acts as Architect, shall apply to the services provided under this Proposal and Agreement.

AIA Document B151 states that all claims shall be arbitrated in accordance with the Construction Industry Arbitration Rules ("CIAR") of the American Arbitration Association. In turn, the CIAR provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."

After CGA initiated the arbitration hearing, RW Devco filed a complaint in the Chancery Court of Harrison County, Mississippi, seeking a declaratory judgment stating that the Letter Agreement did not oblige the parties to arbitrate. CGA removed the case to the District Court for the Southern District of Mississippi.

In the District Court, CGA filed a Motion to Enforce Arbitration Agreement and to Dismiss, or Alternatively, Stay Action. The District Court held that the parties agreed to arbitrate the issue of arbitrability, and left it to the arbitrator to determine the arbitrability of the claims. The case was dismissed without prejudice, and RW Devco appealed.

Neither party requested that the arbitration be stayed pending appeal, and an arbitrator has since ruled on both the arbitrability of the claims, and RW Devco's liability.[1]

---

[1] The concluded arbitration does not affect this Court's ability to rule on whether or not the Letter Agreement obligates the parties to submit the issue of arbitrability to an arbitrator. In *Weingarten Realty Investors v. Miller*, this Circuit held that a Court of Appeals may decide arbitrability while the merits of the underlying claims were decided by a district court or state court. 661 F.3d 901 (5th Cir. 2011).

On appeal, RW Devco asserts three main arguments why this court should reverse the district court decision. First, RW Devco contends that the CIAR, which compels the parties to arbitrate arbitrability, is too attenuated to the Letter Agreement to be binding. Second, it argues that the AIA applies only to disputes regarding services but does not apply to payment disputes. Finally, it argues that the parties did not clearly and unmistakably agree to arbitrate arbitrability. We review the grant of a motion to compel arbitration *de novo*. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 (5th Cir. 1996).

RW Devco's first two arguments-- that the CIAR is not enforceable because it is too attenuated from the Letter Agreement to be binding, and that the AIA only applies to services and not payments-- were not raised in the district court. This court will not consider issues not properly presented in the court below.[2]

Regarding the final argument, RW Devco correctly asserts that the arbitrability of the dispute will be determined by a district court "[u]nless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 123 S. Ct. 588, 591 (2002) (citing *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986)). This court has held that the "express adoption of [the American Arbitration Association Rules] presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012). We must, therefore, determine whether the Letter Agreement expressly adopted the American Arbitration Association Rules.

Under Minnesota law, the law governing the agreement, a court must give the language of the contract its plain and ordinary meaning when interpreting it. *Current Tech. Concepts, Inc. v. Irie Enters., Inc.*, 530 N.W.2d 539, 543 (Minn.

---

[2] *See In re Goff*, 812 F.2d 931, 933 (5th Cir. 1987) ("We will not allow a party to raise an issue for the first time on appeal merely because the party thinks that he or she might prevail if given the opportunity to try the case again on a different theory.").

1995). "A contract is ambiguous if its language is reasonably susceptible of more than one interpretation." *Id.* "If a contract is ambiguous, it must be construed against its drafter." *Id.*

RW Devco contends that the language of the Letter Agreement is ambiguous on the arbitration issue because the Letter itself never mentions the word "arbitration." This argument is without merit. The Supreme Court of Minnesota has ruled that "[w]here one instrument refers to another for any purpose, the latter, for the purpose and to the extent of the reference, will be deemed a part of the former." *In re Holtorf's Estate*, 224 Minn. 220, 223 (Minn. 1947). In interpreting the Letter Agreement, the language of the AIA must also be considered.

While the Letter Agreement does not mention arbitration, Article 7 of the AIA expressly addresses it. Article 7 states, "Claims, disputes and other matters in question between the parties that are not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect." From this language it is clear that the parties have expressly adopted the rules of the American Arbitration Association. The parties have clearly and unmistakably agreed to arbitrate arbitrability.

RW Devco further argues that the agreement is ambiguous because the provision incorporating the AIA only mentions services. Therefore, it argues, the agreement is unclear as to whether that parties also agreed to arbitrate disputes about payments. Because the parties have adopted the CIAR and the CIAR provides that the arbitrator will determine the scope of the arbitration agreement, it was within the arbitrator's compass to would decide if the parties agreed to arbitrate payment disputes.

For the reasons stated above, the District Court's dismissal is AFFIRMED.